Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were agreed upon by the parties at the hearing before the deputy commissioner, in a Pre-trial Agreement dated 3 August 1994, and in a Form 21 Agreement for Compensation for Disability approved on 27 January 1992 as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer/employee relationship existed between the parties on 16 September 1991.
3. Defendant was self-insured and United Self-Insured Services is the servicing agent.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on 16 September 1991 resulting in a back injury.
5. Plaintiff's average weekly wage was $118.56.
6. A Form 28B was filed on 25 June 1993 which accurately reflected all compensation paid to plaintiff.
7. Plaintiff's employment with defendant was terminated on 18 March 1993 and plaintiff represents that she has not worked since that time.
8. Plaintiff requested permission from the Industrial Commission in June 1993 to see a physician regarding further treatment for injuries suffered in the accident of 16 September 1991.
9. Industrial Commission Forms 18, 19, 28 (dated 30 June 1993), 33 and 33R are stipulated into evidence.
10. Medical records from the following providers are stipulated into evidence:
1. Cape Fear Orthopedic Clinic
2. Cape Fear Valley Medical Center
 3. Cape Fear Valley Medical Center Southeastern Regional Rehabilitation Center
4. Fayetteville Orthopedic Clinic
5. Village Therapy Center, Inc.
6. Back Builder
7. Triangle Spine and Back Care
8. Carol M. Waldon, M.D.
9. Fayetteville Diagnostic Center
10. Highsmith Rainey/Physical Therapy
11. Dr. Johnnie E. Jones
* * * * * * * * * * *
Plaintiff's objections to the admissibility of evidence concerning the basis for plaintiff's termination from Whispering Pines Nursing Home on the basis of collateral estoppel are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows
FINDINGS OF FACT
1. On 16 September 1991 plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment with defendant which resulted in low back strain. At that time, she was employed as a nurse's aide with defendant. The accident occurred while plaintiff was assisting another nurse's aide in transferring a patient from a chair to a bed.
2. At the time of the injury by accident, plaintiff was thirty-eight years old with a date of birth of 26 May 1953. Plaintiff has a high school education and has worked as a motel housekeeper, a nursery attendant and a certified nurse's aide.
3. The day after the accident at work plaintiff presented to the emergency room at Cape Fear Valley Medical Center complaining of low back pain. The treating emergency room doctor diagnosed plaintiff with low back strain and discharged her that day with prescriptions for pain medication. She was authorized to return to work immediately with lifting and bending restrictions for one week.
4. Plaintiff did not return to work until 30 September 1991 whereupon she worked four of the next 10 days.
5. Plaintiff next presented to Dr. James Johnson on 9 October 1991 complaining of low back pain. Dr. Johnson diagnosed plaintiff with back strain and referred her to two weeks of physical therapy. The physical therapy was extended through 9 December 1991 at which time plaintiff was authorized to return to work without restriction.
6. Plaintiff returned to Dr. Johnson's office on 17 December 1991 with complaints of low back pain and a new complaint of pain throughout her left leg. Dr. Johnson informed her that he had nothing more to offer at that point and referred her to Dr. Carol Wadon, a neurosurgeon, for evaluation.
7. Plaintiff saw Dr. Wadon with continued complaints of low back and left leg pain on 9 January 1992. Although plaintiff's range of motion, reflexes and strength were normal, Dr. Wadon ordered an MRI scan of plaintiff's low back. The MRI revealed a slightly protruding disc at L5-S1, and at plaintiff's 28 January 1992 follow up visit Dr. Wadon recommended physical therapy.
8. An independent medical evaluation was performed by Dr. Lee Whitehurst on 14 April 1992. After the evaluation Dr. Whitehurst counseled plaintiff that her symptoms did not warrant surgical intervention and opined that plaintiff had reached maximum medical improvement. He assigned plaintiff a five percent (5%) permanent partial impairment rating for back pain and authorized her to return to work with a 50 pound lifting restriction, which he noted was his standard lifting restriction for women of plaintiff's size and age.
9. Plaintiff returned to work at a light-duty nurse's aide position with Whispering Pines on 28 April 1992, working five hours per day, four days per week. This position was approved by Dr. Whitehurst and was within plaintiff's physical capacity. Plaintiff's responsibilities in her light-duty capacity were to distribute ice and water to residents, clean and clip patients' fingernails, check labels on clothing, feed patients, dust rooms, and work on paperwork documentation. The regular responsibilities of a CNA working full-duty involve a significant amount of lifting of the patients to change, bathe and move the patients around.
10. On 23 June 1992 Dr. Waldon completed a functional assessment form limiting plaintiff to light duty work at six hours per day, five days per week. She also limited plaintiff to lifting no more than ten-to-twenty pounds. Dr. Wadon opined that plaintiff was at maximum medical improvement from the injury of 16 September 1991 and assigned plaintiff a five percent (5%) permanent partial impairment rating for plaintiff's low back pain.
11. Plaintiff's employment with defendant was terminated on 18 March 1993 and plaintiff has not worked since that time.
12. Plaintiff subsequently filed for benefits with the Employment Security Commission of North Carolina. The findings of the Employment Security Commission are not conclusive as to this hearing.
13. Plaintiff did not seek further medical treatment until 27 May 1993 when she presented to the emergency room at Cape Fear Valley Medical Center complaining of low back pain radiating into her right hip. She consulted with Dr. Michael Getter about low back and right hip pain on 31 August 1993, and Dr. Getter diagnosed facet dysfunction and administered a facet block.
14. Although plaintiff retains the capacity to work at certain light duty jobs, plaintiff has not been able to obtain employment within her restrictions. Plaintiff has made reasonable efforts to find suitable employment.
15. Defendant has not been able to provide plaintiff with suitable alternate work since defendant terminated plaintiff from employment on 18 March 1993, said termination being without fault or misconduct on the part of plaintiff.
16. As a result of chronic lower back pain and myofascial pain syndrome, plaintiff is physically incapable of returning to her former job as a nurse's aide or similar work involving lifting over twenty pounds. The physical activities required of any gainful employment which plaintiff would be otherwise qualified to do causes an exacerbation of plaintiff's chronic low back pain.
17. Plaintiff's average weekly wage of $118.56 yields a compensation rate of $79.04.
18. Defendant has paid plaintiff temporary total disability compensation beginning 9 October 1991 pursuant to a Form 21 Agreement for Payment of Compensation approved by the Industrial Commission on 27 January 1992. Defendant ceased payment of temporary total disabiltiy compensation on 14 April 1992.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. As a result of the admittedly compensable injury by accident of 16 September 1991 plaintiff is entitled to additional temporary total disability compensation benefits at the rate of $79.04 from 18 March 1993 up to the date of the hearing and continuing until she returns to work or until further order from the Industrial Commission to cease payment of compensation. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to payment by defendant of all of her medical expenses incurred or to be incurred from her injury by accident of 16 September 1991. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to counsel fees, defendants shall pay plaintiff temporary total disability benefits at the rate of $79.04 per week from 18 March 1993 through the date of the hearing and continuing until plaintiff is no longer disabled or until further order of the Industrial Commission. Amounts which have accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter, plaintiff's counsel shall receive every fourth check. Said attorney's fee shall be deducted from the compensation due plaintiff and paid directly to plaintiff's counsel.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of plaintiff's injury of 16 September 1991 when bills for same have been submitted and approved through procedures adopted by the Industrial Commission.
4. Defendant shall pay the costs due this Commission, and also an expert witness fee in the amount of $400.00 to Dr. Michael Getter.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ____________________ COY M. VANCE COMMISSIONER
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
BSB:be